```
             IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF MARYLAND
                                 :
LEDO PIZZA SYSTEM, INC., et al.
                                 :

     v.                          :  Civil Action No. DKC 2006-3177

                                 :
LEDO RESTAURANT, INC., et al.
                                 :
```

### MEMORANDUM OPINION

Presently pending and ready for resolution are (1) Defendants' motion to compel answers to deposition questions (paper 47), (2) Plaintiffs' motion to strike Defendants' motion to compel (paper 48), and (3) Defendants' motion to seal their reply brief (paper 52). The issues are fully briefed and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the reasons that follow, Defendants' motion to compel will be granted and the remaining motions will be denied.

### I.   Background

Plaintiffs Ledo Pizza System, Inc., Ledo Pizza Carryouts, Ltd., Robert M. Beall, Margaret K. Beall, Robert G. Beall, Troy L. Beall, James B. Beall, Garth E. Beall, Robert W. Beall, Thelma W. Beall, Mildred Beall, and Thelma B. Beall, filed this lawsuit against Defendants Ledo Restaurant, Inc., Huntington City Restaurant Inc., Huntington City Enterprises LLC, Thomas E. Marcos, Jr., Thomas E. Marcos, Sr., and James L. Marcos, alleging breach of contract, trademark violations, and unfair competition.

Defendants filed the instant motion to compel answers to deposition questions because, during his deposition on January 29, 2007, Robert M. Beall refused to answer questions regarding any conversations that had taken place with, or in the presence of, Garth Beall, citing attorney-client privilege.[1]  (Paper 47).

Garth Beall is an attorney with the law firm McNamee Hosea Jernigan Kim Greenan and Walker PA ("McNamee Hosea").  McNamee Hosea is the law firm that represents Plaintiffs in this action. McNamee Hosea attorneys Brent M. Ahalt and John Paul Lynch have entered their appearances on behalf of Plaintiffs; Garth Beall has not entered his appearance.  Garth Beall is also a shareholder, director and officer of Ledo Pizza System, Inc., an officer of Ledo Pizza Carryouts Ltd., and a named Plaintiff. (Paper 50, Ex. 2, G. Beall Aff. ¶ 4).

Plaintiffs claim that all communications with, or in the presence of, Garth Beall are protected by attorney-client privilege.  Plaintiffs assert that even when Garth Beall was acting as a director, *i.e.*, by voting to file the instant action, he was simultaneously acting as their lawyer and that makes the

---

[1] Since Defendants filed the motion on March 6, 2007, they have also taken the depositions of James Beall and Garth Beall, who refused to answer similar deposition questions.  Technically, the motion to compel does not apply to the additional depositions, but counsel are well advised to consider the disposition of this motion in assessing how to proceed.

2

communication privileged.  (Paper 47, Ex. 1, R.M. Beall Dep., at 150).

Defendants argue that such communications are discoverable because Garth Beall is a named Plaintiff and was not functioning as a legal advisor at the time the communications were made. Specifically, Defendants seek to discover information related to conversations that occurred between Garth Beall and his family members or that occurred at board meetings in which Garth Beall took part.  (Paper 52, at 3).  Plaintiffs moved to strike Defendants' motion to compel, stating that defense counsel did not make a good faith effort to resolve the issue without court intervention.  (Paper 48).

**II.  Motion to Compel**

**A. Standard of Review**

Under the federal rules, parties "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed.R.Civ.P. 26(b)(1).  If a deponent fails to answer a question, the discovering party may move for an order compelling an answer.  Fed.R.Civ.P. 37(a)(2)(B).  The deponent in this case contends that certain communications are not discoverable because they fall under the attorney-client privilege.

The attorney-client privilege "affords confidential communications between lawyer and client complete protection from disclosure." *Hawkins v. Stables*, 148 F.3d 379, 383 (4th Cir. 1998).

However, because this privilege "impedes the full and free discovery of the truth," it must be "narrowly construed and recognized only to the very limited extent that excluding relevant evidence has a public good transcending the normally predominant principle of utilizing all rational means for ascertaining truth." *Id.* (internal quotation marks, citations & alterations omitted).

"The burden is on the proponent of the attorney-client privilege to demonstrate its applicability." *In re Grand Jury Subpoena*, 341 F.3d 331, 335 (4th Cir. 2003) (citations omitted). "The proponent must establish not only that an attorney-client relationship existed, but also that the particular communications at issue are privileged and that the privilege was not waived." *Id.*

**B. Analysis**

The Fourth Circuit has adopted the "classic test" of the attorney-client privilege:

> The privilege applies only if (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

4

*In re Grand Jury Subpoena: Under Seal*, 415 F.3d 333, 339 n.3 (4th Cir. 2005) (quoting *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982) (per curiam)).  An attorney-client privilege attaches when the attorney is acting to provide primarily legal services, assistance or opinions. *Jones*, 696 F.2d at 1072.

Plaintiffs have not met their burden to show that an attorney-client relationship existed between Garth Beall and Plaintiffs. Even if Plaintiffs could show that an attorney-client relationship existed, they have not met their burden to show that the particular communications sought by Defendants were privileged.

Plaintiffs argue that "the entity and individual plaintiffs in this matter are all clients of McNamee Hosea, and Garth Beall in particular, and have been clients at all relevant times related to their communications in connection with any legal action that the entity Plaintiffs may chose [sic] to purse [sic]." (Paper 50, at 5).  They further claim that "any discussions concerning this lawsuit or its investigation that were had with or in the presence of Garth Beall by any of the Plaintiffs were made with the understanding that he was acting as a lawyer, even if he also had the role of a corporate officer or member of the Board of Directors." (*Id.*).  Garth Beall declared that he regularly serves as attorney for, and gives legal advice to, the entity Plaintiffs, and individuals acting on behalf of the entity Plaintiffs. (Paper 50, Ex. 2, G. Beall Aff. ¶ 3).  Garth Beall further stated that

> [a]ny communications that I have received from
> the entity Plaintiffs or their agents
> concerning this litigation, either before it
> was instituted or since, have been received by
> me in my role as an attorney and it is my
> understanding that those persons communicating
> with me on behalf of the entities have
> communicated with me as an attorney when those
> communications involve the investigation,
> strategy, facts or other information related
> to the litigation. . . .

(*Id*. ¶ 5). Garth Beall does not support the statements in his affidavit with specific facts illustrating the attorney-client relationship. Simply stating in an affidavit that an attorney-client relationship existed, without specific facts to support such a statement, is conclusory and insufficient to establish that relationship. *See, e.g., Guinness PLC v. Ward*, 955 F.2d 875, 901 (4th Cir. 1992) ("the mere placement of . . . conclusory allegations and speculative assertions into affidavits or declarations without further legitimate support clearly does not suffice."); *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990) ("conclusory allegations of the complaint" may not be replaced "with conclusory allegations of an affidavit" and survive summary judgment).

The evidence does not support Plaintiffs' assertion of an attorney-client relationship. Garth Beall has not entered his appearance to represent Plaintiffs in this litigation. While Garth Beall was present at the deposition of Theodore Kyros on February

27, 2007, he was there solely as a party.[2]  Even considering what Garth Beall said in his own deposition does not help establish the existence of an attorney-client relationship.  Garth Beall testified that McNamee Hosea was "general counsel to the firm and perform[s] services as needed" and that there was no written retainer agreement defining the scope of the representation as it relates to this litigation.  (Paper 52, Ex. 1, G. Beall Dep., at 202).  Garth Beall further testified that he was not retained personally to represent Plaintiffs in this matter.  (Paper 52, Ex. 1, G. Beall Dep., at 197-98).  Furthermore, Mr. Ahalt stated that Garth Beall "has not entered his appearance in this case and is not going to represent this client at trial."  (Paper 52, Ex. 1, G. Beall Dep., at 268).  Thus, Plaintiffs have not established that an attorney-client relationship existed between Garth Beall and Plaintiffs at the time the communications were made.

Even if Plaintiffs could establish that an attorney-client relationship existed, they have not established that the particular communications sought by Defendants were privileged.  Plaintiffs argue that the communications sought "are specifically those which relate to the decision to move forward with the lawsuit and thus by

---

[2] Defense counsel asked Mr. Ahalt, who was appearing on behalf of Plaintiffs, "Mr. Garth Beall is here today and I was just wondering if he's here for himself as a plaintiff, as representative of one of the other plaintiffs, or just here as an attorney." (Paper 47, Ex. 3, Kyros Dep., at 42-43).  Mr. Ahalt responded, "He's here as a plaintiff, a party, and as a representative of a party." (*Id*. at 43).

7

[their] very nature related to advice and assistance regarding a legal proceeding or legal services." (*Id*.).

Plaintiffs, however, have not shown that Garth Beall's participation in these discussions was for the primary purpose of providing legal advice and not merely incidental to business or operational advice. An attorney-client privilege attaches when the attorney is acting to provide primarily legal services, assistance or opinions. *Jones*, 696 F.2d at 1072.

> Communications are not privileged merely because one of the parties is an attorney or because an attorney was present when the communications were made. *Neuder v. Battelle Pacific Northwest National Laboratory*, 194 F.R.D. 289, 293 (D.D.C. 2000). "When the legal advice is merely incidental to business advice, the privilege does not apply." *Great Plains Mut. Ins. Co. v. Mutual Reinsurance Bureau*, 150 F.R.D. 193, 197 (D.Kan. 1993); *Neuder*, 194 F.R.D. at 293. Nor does it apply to any communication "as to which a business purpose would have served as a sufficient cause, *i.e.*, any communication that would have been made because of a business purpose even if there had been no perceived additional interest in securing legal advice." *McCaugherty v. Siffermann*, 132 F.R.D. 234, 238 (N.D.Cal. 1990) (citing *Fisher v. United States*, 425 U.S. 391, 403, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1975)).

*United States v. Cohn*, 303 F.Supp.2d 672, 683-84 (D.Md. 2003).

Plaintiffs acknowledge that Garth Beall serves a dual role: "[Robert M. Beall]: He wears both hats. [Mr. Ahalt]: He acts as a lawyer, and also represents us, as well as a director when he needs to act as a director." (Paper 47, Ex. 1, R.M. Beall Dep., at 150).

8

"But, the attorney-client privilege 'applies only to communications made to an attorney in his capacity as legal advisor.'" *Neuberger Berman Real Estate Income Fund, Inc. v. Lola Brown Trust No. 1B*, 230 F.R.D. 398, 411 (D.Md. 2005) (quoting *Marten v. Yellow Freight Sys., Inc.*, 1998 WL 13244, at *7 (D.Kan. Jan. 6, 1998)). Any communication by or with Garth Beall when he was acting in more than one capacity, where the legal advice did not predominate, is discoverable.

> Where business and legal advice are intertwined, the legal advice must predominate for the communication to be protected. *Coleman v. ABC*, 106 F.R.D. 201, 206 (D.D.C. 1985). . . . In other words, "when the legal advice is merely incidental to business advice, the privilege does not apply." *Great Plains Mutual Insurance Co. v. Mutual Reinsurance Bureau*, 150 F.R.D. 193, 197 (D.Kan. 1993). Relatedly, "communications by a corporation with its attorney, who at the time is acting solely in his capacity as a business advisor, would not be privileged." *See Great Plains*, 150 F.R.D. at 197. Gergacz, in his useful treatise, *Attorney Corporate Client Privilege*, suggests that where an attorney has multiple roles the focus of the inquiry should be on the function that the lawyer is predominantly performing: Is he applying law to a set of facts, reviewing client conduct based on the effect of laws or regulations, advising the client about status or trends in the law, and other similar lawyer-related tasks.

*Neuberger Berman*, 230 F.R.D. at 411-12.

Garth Beall has multiple roles with respect to the entity Plaintiffs and within this litigation. Plaintiffs' blanket refusal to answer any deposition questions regarding communications with

9

Garth Beall is misguided. Plaintiffs have the burden of proving an attorney-client relationship existed, and that the particular communications were protected by attorney-client privilege, and they have not met either burden. Accordingly, Defendants' motion to compel answers to deposition questions will be granted.

**III.  Motion to Strike**

The procedures for filing a motion to compel are covered by Fed.R.Civ.P. 37.

> If a deponent fails to answer a question propounded or submitted under Rules 30 or 31, . . ., the discovering party may move for an order compelling answer. . . . The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action. When taking a deposition on oral examination, the proponent of the question may complete or adjourn the examination before applying for an order.

Fed.R.Civ.P. 37(2)(B).  Plaintiffs move to strike Defendants' motion to compel, stating that defense counsel did not make a good faith effort to resolve the issue prior to seeking judicial intervention. (Paper 48). Plaintiffs argue that Defendants' lack of good faith effort is further illustrated by the more than 30 day delay between Robert M. Beall's deposition and the filing of the motion to compel. (*Id.* ¶ 4).

The record shows that defense counsel asked Robert M. Beall questions about Garth Beall's participation in the decision to

10

proceed with this litigation, and Plaintiffs' counsel objected, citing attorney-client privilege. The record shows that defense counsel narrowed the questions, specifically excluding Garth Beall's actions as an attorney, but the parties could not reach an agreement about the scope of the attorney-client privilege. (Paper 47, Ex. 1, R.M. Beall Dep., at 149-153). Having reached an impasse, defense counsel notified Plaintiffs' counsel that he would raise the issue with this court: Defense counsel stated, "And just in fairness, and just between the lawyers, I'll probably bring that up at a later time with the court." (*Id*. at 151). Plaintiffs' counsel responded, "That's fine." (*Id*.). This exchange squarely contradicts Plaintiffs' claim that Defendants did not give reasonable notice that they would apply for an order to compel discovery (paper 48 ¶ 10).

The on-the-record discussion between counsel demonstrates that defense counsel made a good faith attempt to resolve the issue prior to seeking court intervention, thus satisfying the Rule 37 requirement. Defendants explain that the delay between Robert M. Beall's deposition and the filing of the motion to compel is due to the fact that Defendants had to wait for Robert M. Beall to review, sign and return the transcript to the court reporter, it does not demonstrate a lack of good faith, as Plaintiffs suggest. Accordingly, Plaintiffs' motion to strike will be denied.

**IV.   Motion to Seal**

Defendants filed an unopposed motion to seal their reply brief, pursuant to Local Rule 105.11, on the ground that the attached deposition excerpts of James and Garth Beall are among those materials that the parties have designated "confidential" under the confidentiality order entered in this action.[3]  (Paper 52).  There is a well-established common law right to inspect and copy judicial records and documents.  *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).  If competing interests outweigh the public's right of access, however, the court may, in its discretion, seal those documents from the public's view.  *See In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984).  Local Rule 105.11 provides:

> Any motion seeking the sealing of pleadings, motions, exhibits or other papers to be filed in the Court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection.  The Court will not rule upon the motion until at least 14 days after it is entered on the public docket to permit the filing of objections by interested parties.  Materials that are the subject of the motion shall remain temporarily sealed pending a ruling by

---

[3] Under the confidentiality order, the parties stipulated that all deposition transcripts would be deemed confidential for sixty days.  After sixty days, counsel for Plaintiffs would designate only those portions of the deposition transcripts that should truly be protected pursuant to the confidentiality order.  (Paper 44). The attached deposition excerpts are marked confidential because the sixty days has not yet passed.

12

>    the Court. If the motion is denied, the party
>    making the filing will be given an opportunity
>    to withdraw the materials.

Defendants assert that "some of the topics" testified to by James and Garth Beall, "some of which are discussed, quoted in and attached to the Reply" are of a personal, financial, or business nature, and are thus covered by the confidentiality order.

The parties have not provided specific factual representations to justify the sealing, nor have they provided an explanation as to why alternatives to sealing, such as redaction, would not provide sufficient protections. Moreover, nothing in these motion papers appears to be confidential. Because the parties have failed to comply with Rule 105.11, the motion to seal will be denied. The parties will have five days to submit a properly supported motion to seal if they believe that portions of the attached depositions are truly confidential. Otherwise, the entire reply and exhibits will be place on the public record.

**V. Fees and Costs**

Defendants have additionally requested the award of reasonable fees and costs they have incurred by filing the motion to compel. Rule 37 states that if a motion to compel:

>    is granted . . . the court shall, after
>    affording an opportunity to be heard, require
>    the party or deponent whose conduct
>    necessitated the motion or the party or
>    attorney advising such conduct or both of them
>    to pay to the moving party the reasonable
>    expenses incurred in making the motion,
>    including attorney's fees, unless the court

13

>finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 37(a)(4)(A).  Finding that none of the exceptions apply in this case, Plaintiffs will be ordered to pay the reasonable costs and attorney's fees incurred by Defendants in connection with bringing the motion to compel.  Defendants will be directed to file the appropriate memorandum and affidavits to support their request for attorney's fees and costs, as set forth by Local Rule 109.

## VI. Conclusion

For the foregoing reasons, Defendants' motion to compel answers to deposition questions will be granted, Plaintiffs' motion to strike will be denied, and Defendants' motion to seal will be denied without prejudice.  A separate Order will follow.

                                /s/
                        DEBORAH K. CHASANOW
                        United States District Judge