IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| | : |
| LEDO PIZZA SYSTEM, INC., et al. | |
| | : |
| | |
| v. | :    Civil Action No. DKC 06-3177 |
| | |
| | : |
| LEDO RESTAURANT, INC., et al. | |
| | : |

**MEMORANDUM OPINION**

Several motions are pending related to requests by both parties for amendment of the judgment in this case. The relevant issues have been briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, the prior judgment will be amended to reflect an award of attorneys' fees in the amount of $4,620.00 in favor of Defendants Ledo Restaurant, Inc., Huntington City Restaurant, Inc., d/b/a T.J. Elliott's Restaurant, Huntington City Enterprises, LLC, d/b/a Expressions Catering, Thomas E. Marcos, Jr., and James L. Marcos, related to a prior motion to compel discovery.[1] The judgment will also be amended to reflect that Defendants Ledo Restaurant, Inc., Thomas E. Marcos, Jr., and James L. Marcos, are jointly and severally

---

[1] Another defendant, Eileen Marcos, was dismissed at a hearing on February 20, 2007, and summary judgment was granted in favor of Thomas Marcos, Sr., on March 21, 2008.

liable for a prior award of attorneys' fees in favor of Plaintiffs in the amount of $25,000.00.[2]

I.   **Background**

Plaintiffs commenced this action on November 27, 2006, by filing a complaint alleging breach of contract, trademark infringement, and related claims.   After an initial flurry of motions and amendments to the complaint, the parties became embroiled in a discovery dispute.   On March 6, 2007, Defendants filed a motion to compel Plaintiff Robert M. Beall to answer deposition questions regarding certain communications with Plaintiff Garth Beall, an attorney at the firm representing Plaintiffs in this matter.   (ECF No. 47).   Defendants sought an award of attorneys' fees associated with their motion pursuant to Federal Rule of Civil Procedure 37(a)(4)(A).[3]   In response, Plaintiffs moved to strike Defendants' motion (ECF No. 48) and separately opposed the motion to compel (ECF No. 50).

On April 26, 2007, the court issued a memorandum opinion and order granting Defendants' motion to compel and denying Plaintiffs' motion to strike.   (ECF Nos. 53, 54).   It found that

_____

[2] Plaintiffs are Ledo Pizza System, Inc., Ledo Pizza Carryouts, Ltd., Robert M. Beall, Margaret K. Beall, Robert G. Beall, Troy L. Beall, James B. Beall, Garth E. Beall, Robert W. Beall, Thelma W. Beall, Mildred Beall, and Thelma B. Beall.

[3] Shortly after Defendants filed their motion, Rule 37 was stylistically amended.   The same provision is now codified at section (a)(5)(A).

"Plaintiffs will be ordered to pay the reasonable costs and attorney's fees incurred by Defendants in connection with bringing the motion to compel" and directed Defendants to "file the appropriate memorandum and affidavits to support their request for attorney's fees and costs, as set forth by Local Rule 109." (ECF No. 53, at 14). Plaintiffs promptly filed a motion for reconsideration (ECF No. 55), which was denied on March 21, 2008 (ECF Nos. 92, 93). On the same date, the court issued a memorandum opinion and order granting summary judgment in full as to Defendant Thomas Marcos, Sr., and in part as to the remaining defendants. (ECF Nos. 94, 95). Five days later, the remaining defendants filed the fee petition associated with their motion to compel. (ECF No. 96). The following week, they filed a motion pursuant to Federal Rule of Civil Procedure 54(d) seeking taxation of costs as the prevailing party on summary judgment. (ECF No. 98).

By a order dated March 26, 2009, the court found that it was "most appropriate to defer resolution" of these motions "until after all of the issues can be resolved," indicating that they would "be addressed in a comprehensive opinion later." (ECF No. 128). Thus, Defendants' fee petition associated with the motion to compel and bill of costs related to the motion for summary judgment were denied without prejudice.

3

The case proceeded to a bench trial in December 2008. Thereafter, the court issued a memorandum opinion and order finding two minor breaches of contract and awarding Plaintiffs nominal damages of one dollar for each. At the conclusion of the bench trial opinion, the subject of "previous discovery disputes and fee requests" was addressed:

> Earlier in this litigation, as part of a discovery dispute, attorneys' fees were sought by Defendant. The court deferred ruling on the matter pending completion of the proceedings. Both sides have indicated [their] intent to seek attorneys' fees depending on the ultimate resolution of the merits of the suit. All fee issues will be addressed after any additional motions are briefed.

(ECF No. 129, at 27). Soon thereafter, Plaintiffs filed a motion for attorneys' fees and a bill of costs. (ECF Nos. 131, 132). Defendants opposed Plaintiffs' motions, but did not file one of their own.[4]

Meanwhile, Plaintiffs brought an appeal in the United States Court of Appeals for the Fourth Circuit. In their appellate brief, they challenged, *inter alia*, the district court's "fail[ure] to find [Thomas Marcos, Jr., and James Marcos (together, "the Marcoses")] individually liable for trademark infringement and breach of contract where it found Expressions

---

[4] On July 26, 2011, the clerk taxed costs in favor of Plaintiffs, as the prevailing party, in the amount of $6,953.91. (ECF No. 149).

Catering liable for such infringement"; the denial of their motion to strike Defendants' motion to compel; and the summary judgment ruling with respect to Mr. Marcos, Sr.   (Appellate brief, 2010 WL 2812205, at *1).

The Fourth Circuit agreed with the first of these arguments.   Reasoning that the Marcoses were bound by restrictions on use of the Ledo mark set forth in prior agreements and that they held a controlling interest in Expressions Catering, the appellate court found that "Expressions' use of the Ledo mark constituted a violation of the agreements by the Marcoses." *Ledo Pizza System, Inc. v. Ledo Restaurant, Inc.*, 407 Fed.Appx. 729, 732 (4th Cir. 2011). The court summarily dispensed with Plaintiffs' arguments regarding the summary judgment and discovery rulings, however, finding with respect to the discovery motion that Plaintiffs had "given no indication that they were prejudiced by" the denial of their motion to strike. *Id.* Accordingly, the case was affirmed in part, vacated in part, and remanded for an assessment of damages with respect to the improper use of the Ledo mark by Expressions Catering.

This court addressed the issues on remand, as well as Plaintiffs' motion for attorneys' fees, in a memorandum opinion and order issued April 12, 2012. (ECF Nos. 150, 151). It found five instances in which Expressions Catering improperly used

5

Plaintiffs' mark, awarding nominal damages of one dollar for each and awarding attorneys' fees for Plaintiffs in the amount of $25,000. Judgment in those amounts was entered in favor of Plaintiffs and against the Marcoses, and the case was closed.

The April 2012 decision was intended to be the "comprehensive opinion" promised by the court in March 2009. Shortly thereafter, however, Defendants filed correspondence seeking rulings with respect to their prior fee petition associated with their motion to compel and bill of costs related to their motion for summary judgment (together, "the 2008 motions"). The following day, the court issued an order construing Defendants' letter as a motion for reconsideration and, so construed, granting the motion, advising that it would "review the underlying motion papers and [] issue an opinion and order in due course." (ECF No. 153). Consequently, the case was reopened.

Plaintiffs filed motion papers opposing Defendants' request for decision on the 2008 motions. (ECF No. 154). That was followed, approximately one week later, by Plaintiffs' motion to alter or amend judgment. (ECF No. 155). On July 17, Defendants moved to stay execution of the judgment (ECF No. 161) and, on September 10, Defendants filed an emergency motion to permit

them to deposit the judgment amount in the court's registry

pending resolution of the remaining issues (ECF No. 163).[5]

## II.  Plaintiffs' Opposition to Defendants' Request for Fees and Costs Associated with Prior Motions

After the court construed Defendants' request for decision

on the 2008 motions as a motion for reconsideration and granted

that motion, Plaintiffs docketed a "motion for denial of request

for attorneys' fees related to motion to compel and bill of

costs" (ECF No. 154), in which they argue that Defendants are

not entitled to consideration of the 2008 motions because those

motions were denied without prejudice and never renewed prior to

the entry of judgment.  Observing that they challenged the

denial of their motion to strike the discovery motion on appeal,

Plaintiffs further contend that an award of attorneys' fees

related to the motion to compel "would clearly violate the

Mandate Rule and subject the underlying ruling and the award of

fees to further appellate review." (ECF No. 154, at 5).

As Plaintiffs themselves acknowledge, the denial without

prejudice of Defendants' 2008 motions was an administrative

measure to prevent the motions from sitting unresolved on the

court's docket until after trial, at which point it was

envisioned that a global opinion would resolve all issues

related to fees and costs.  While it is true that the motions

---

[5] Because those issues are resolved herein, these motions
will be denied as moot.

were denied without prejudice and not formally renewed by Defendants prior to judgment, it is equally true that the court expressly "defer[red] resolution" of these issues, promising that they would "be addressed in a comprehensive opinion later." (ECF No. 128). Thus, it was reasonable for Defendants to expect that the memorandum opinion and order issued April 12, 2012, would address the 2008 motions, as well as Plaintiffs' motion for fees. Given the extended history of the case and the court's imprecise language regarding the status of the motions, Defendants' failure to renew the motions prior to judgment is excused.

Despite Plaintiffs' suggestion to the contrary, the court has authority to alter or amend its prior judgment. Courts have recognized that a motion for reconsideration under Federal Rule of Civil Procedure 59(e) is proper, *inter alia*, to correct a clear error of law or prevent manifest injustice. *See United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). To the extent that the court previously indicated it would consider the 2008 motions, and failed to do so, consideration of those motions is warranted here. Moreover, the mandate rule, which "foreclose[es] relitigation of issues expressly or impliedly decided by the appellate court," *United States v. Perez*, No. 12-

6303, 2012 WL 3642849, at *1 (4th Cir. Aug. 24, 2012) (internal marks omitted), does not preclude relief because neither the fee petition related to the motion to compel, nor the bill of costs associated with the motion for summary judgment was "expressly or impliedly decided" by the Fourth Circuit.  The issues presented in the 2008 motions are not barred from consideration on remand because they could not have been raised in the appellate court.  *See Doe v. Chao*, 511 F.3d 461, 465 (4th Cir. 2007) (pursuant to the mandate rule, a party waives "any issue that could have been but was not raised" on appeal).  Insofar as Plaintiffs argue that they were deprived of the opportunity to claim prejudice resulting from the denial of their motion to strike on appeal, they will be free to challenge the propriety of the court's ruling with respect to the 2008 fee petition on appeal from the order accompanying this opinion, if they so choose.  Accordingly, the court declines to reconsider its order granting Defendants' request for decision on the 2008 motions, and Plaintiffs' motion requesting that relief will be denied.

**III. Fee Award Related to Defendants' Motion to Compel**

In granting the motion to compel, the court determined that Defendants were entitled to recover associated fees pursuant to Federal Rule of Civil Procedure 37(a)(4)(A).  Prior to the December 2007 amendment, that section provided that if a motion to compel is granted:

the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

In opposing the fee petition, Plaintiffs argue that Defendants' motion for attorneys' fees was untimely, that Robert Beall's refusal to answer deposition questions on the ground of attorney-client privilege was substantially justified, and that Defendants failed to make a good faith effort to resolve the dispute prior to filing their motion to compel.  (ECF No. 97). The latter two arguments were considered by the court in the opinion granting the motion to compel and denying Plaintiffs' motion to strike (*see* ECF No. 53, at 11 ("The on-the-record discussion between counsel demonstrates that defense counsel made a good faith attempt to resolve the issue prior to seeking court intervention"), 14 ("Finding that none of the exceptions [set forth by Fed.R.Civ.P. 37(a)(4)(A)] apply in this case, Plaintiffs will be ordered to pay the reasonable costs and attorney's fees incurred by Defendants in connection with bringing the motion to compel")) and again in the opinion

10

denying Plaintiffs' motion for reconsideration (ECF No. 92, at 4 ("Plaintiffs merely reiterate arguments previously advanced in opposing the motion to compel and do not demonstrate that the court made a clear error of law"), 6-7 (declining to reconsider the "imposition of costs and fees pursuant to Fed.R.Civ.P. 37" on the ground that Plaintiffs' "objection of privilege was 'substantially justified'")). The court declines to revisit these issues a third time.

Plaintiffs further contend that Defendants' right to recover attorneys' fees has been waived because they waited to file their fee petition until fourteen days after decision on the motion for reconsideration, rather than fourteen days after the initial decision on the motion to compel. As support for this argument, Plaintiffs cite language in the motion to compel opinion directing Defendants "to file the appropriate memorandum and affidavits to support their request for attorney's fees and costs, as set forth by Local Rule 109." (ECF No. 53, at 14). Observing that Local Rule 109.2.a requires that a motion for attorneys' fees be filed within fourteen days and that "[n]on-compliance with these time limits shall be deemed to be a waiver," they assert that Defendants have waived their claim in this regard.

Plaintiffs, however, do not argue that any prejudice resulted from the delay in filing the fee petition, nor do they

contend that Defendants are not entitled to seek fees associated with Plaintiffs' motion to reconsider the decision on the motion to compel.  As Defendants observe, it would have made little sense for them to file a fee petition "within fourteen days of the initial order because they continued to incur related fees as a result of Plaintiffs' Motion for Reconsideration, Opposition and Reply (as well as any hearing there might have been on the matter)."  (ECF No. 99 ¶ 4).  Moreover, Defendants filed the fee petition promptly after decision of the motion for reconsideration.  This practice is entirely consistent with the spirit, if not the letter, of the court's initial decision and the Local Rules.

While Plaintiffs do not challenge the content of Defendants' fee petition, the court must independently assess the reasonableness of the amount requested.  In determining what amount constitutes a reasonable attorneys' fee, the court employs a hybrid method, which begins with calculation of the lodestar amount – *i.e.*, the product of the reasonable hours expended on the litigation multiplied by a reasonable hourly rate – followed by adjustment, as appropriate, based on the factors enunciated in *Johnson v. Georgia Hwy. Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).  As this court has explained:

> Absent circumstances warranting adjustment, the lodestar figure represents the proper total fee award. *Wileman v. Frank*, 780

12

F.Supp. 1063, 1064 (D.Md. 1991) (citing *Blum v. Stenson*, 465 U.S. 886, 888, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984)). In deciding what constitutes a "reasonable" number of hours and rate, the district court generally is guided by the following factors:

> "(1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases."

> *Brodziak v. Runyon*, 145 F.3d 194, 196 (4th Cir. 1998) (quoting *EEOC v. Service News Co.*, 898 F.2d 958, 965 (4th Cir. 1990) (quoting *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n. 28 (4th Cir. 1978))).

*CoStar Group, Inc. v. LoopNet, Inc.*, 106 F.Supp.2d 780, 787 (D.Md. 2000); *see also Ass'n of Machinists & Aerospace Workers v. Werner-Matsuda*, 390 F.Supp.2d 479, 490 (D.Md. 2005).

The party seeking fees bears the burden of proving the reasonableness of the amount sought. *See Robinson v. Equifax Information Services, LLC*, 560 F.3d 235, 243-44 (4th Cir. 2009).

"In addition to the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award." *In re Botero-Paramo*, No. 11-1886, 2012 WL 2055005, at *8 (4th Cir. June 8, 2012) (quoting *Robinson*, 560 F.3d at 243) (internal marks and emphasis removed).

Here, Defendants seek attorneys' fees in the amount of $4,620.00.  Their fee petition is supported by the declarations of attorneys Cary Hansel and Veronica Nannis, which reflect that Mr. Hansel was in his ninth year of practice and Ms. Nannis was in her sixth year and attest to the truth and accuracy of the attached time records.  (ECF Nos. 96-3, 96-4).  The time records, which are broken down by specific task, reflect that Ms. Nannis billed 18 hours of work at a rate of $225.00 per hour and Mr. Hansel billed 1.9 hours at a rate of $300.00 per hour. (ECF No. 96-2).  The hourly rates for both attorneys fall within the presumptively reasonable range in this district for lawyers with comparable experience, as set forth in Appendix B of the court's Local Rules.  Moreover, the records reflect no duplication of work and a reasonable number of hours, particularly considering that Defendants had to oppose Plaintiffs' motion for reconsideration as well.[6]  The requested

_____

[6] Notably, no fees are sought with respect to Plaintiffs' motion to strike or for preparation of the fee petition.

amount is accepted as the lodestar and no circumstances warranting adjustment are presented. Accordingly, the judgment will be amended to reflect an award of attorneys' fees in the amount of $4,620.00 in favor of Defendants Ledo Restaurant, Inc., Huntington City Restaurant, Inc., d/b/a T.J. Elliott's Restaurant, Huntington City Enterprises, LLC, d/b/a Expressions Catering, and the Marcoses.[7]

## IV. Bill of Costs in Connection with Defendants' Motion for Summary Judgment

On March 21, 2008, the court granted summary judgment in favor of Defendant Thomas Marcos, Sr., reasoning as follows:

> As a preliminary matter, Plaintiffs' complaint asserts liability against Mr. Marcos on the allegation that he is a "shareholder and operator" of the Defendant entities and not based on citation to [the parties' agreements]. Recognizing that the evidence does not show any possible contractual breach by Mr. Marcos, Sr., Plaintiffs appear now to cite to the indemnification provision of the Agreements. Plaintiffs appear to gloss over the distinction between an agreement to be held jointly and severally liable on a direct breach and one to indemnify another party. Here, the Agreement provides that the relevant parties agreed to indemnify

---

[7] These are the defendants who filed the motion for attorneys' fees related to the motion to compel. As will be explained, the defendants who will be liable for payment of the fee award in favor of Plaintiffs under the amended judgment are Ledo Restaurant, Inc., and the Marcoses. Because the defendants are not the same, the court cannot simply offset Plaintiffs' award by the amount awarded to Defendants with respect to the motion to compel.

> Plaintiffs for "liability for the payment of all liabilities . . . imposed on, incurred by or *asserted against Carryouts or System* as a consequence of or in connection with" breaches of the Agreement.  However, such is not the case here, where Plaintiffs instead are bringing suit directly against Defendants for breach of the contract and are not seeking indemnification for a suit "imposed on, incurred by or asserted against them."   Thus, Defendant Thomas Marcos, Sr.[,] has established that he is entitled to judgment and his motion for summary judgment will be granted.

(ECF No. 94, at 6-7 (emphasis in original; footnote omitted)). Two weeks later, Defendants filed a bill of costs, seeking taxation of $8,563.42 in "transcript and court reporting fees" associated with depositions they alleged "were necessary to the defense of this case and are recoverable under Rule 54 and [28 U.S.C.] § 1920."  (ECF No. 98-1 ¶ 10).

Pursuant to Federal Rule of Civil Procedure 54(d)(1), "[u]nless a general statute, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party."  Taxation of costs is limited, however, to items enumerated in 28 U.S.C. § 1920, including, as relevant here, "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case[.]"  28 U.S.C. § 1920(2).  Local Rule 109.1.a provides, moreover, that unless otherwise ordered, "a bill of costs shall be filed within fourteen (14) days of the entry of judgment[.]"

In opposing Defendants' request for costs, Plaintiffs argue that the motion was premature because judgment had not yet been entered and a determination could not be made as to the prevailing party. (ECF No. 102, at 1-2). They further contend that Defendants made no showing that the transcript costs were "necessarily obtained for use in the case," citing § 1920(2). (*Id.* at 3).

Insofar as the bill of costs relates to the partial grant of summary judgment as to defendants other than Mr. Marcos, Sr., it was premature. "A party prevails for purposes of Rule 54(d) when a final judgment awards it substantial relief." *Smart v. Local 702 Intern. Broth. of Elec. Workers*, 573 F.3d 523, 525 (7th Cir. 2009). The partial grant of summary judgment in favor of those defendants may arguably have been "substantial relief," but it certainly was not a "final judgment." Indeed, after the judgment became final, the clerk entered an order taxing costs in favor of Plaintiffs as the prevailing party. (ECF No. 149). Defendants did not seek review of that decision, nor did they file a bill of costs of their own.

A final judgment was entered in favor of Mr. Marcos, Sr., but, as the above-quoted portion of the summary judgment opinion illustrates, no factual evidence was necessary to establish his right to relief. Thus, as to Mr. Marcos, Sr., the only person potentially eligible for relief under Rule 54(d), Defendants

17

cannot show that the transcript fees they seek were "necessarily obtained for use in the case[.]" 28 U.S.C. § 1920(2); *see also American Medical Sec., Inc. v. Larsen*, 31 F.Supp.2d 502, 509 (D.Md. 1998) ("the language 'necessarily obtained for use in th[e] case' in 28 U.S.C. § 1920(2) and (4) requires . . . that costs be relevant and reasonable").   Because the transcript costs were not relevant to the grant of summary judgment in favor of Mr. Marcos, Sr., Defendants are not entitled to taxation of costs associated with their prior motion for summary judgment.   Accordingly, their bill of costs will be denied.

## V.   Plaintiffs' Motion to Alter or Amend

Plaintiffs' themselves have moved to alter or amend the April 12, 2012, judgment, arguing that "[t]he award of attorneys' fees must be altered or amended to include one additional Defendant, Ledo Restaurant, Inc., as that Defendant was also jointly and severally liable under the contractual provision requiring the fee award in favor of Plaintiffs." (ECF No. 155 ¶ 4).   In opposing this relief, Defendants presume that holding only the Marcoses liable for payment of attorneys' fees was "a result of the [c]ourt's careful consideration of the relative fault of each defendant" and not a "mistake, oversight, or omission[.]" (ECF No. 157, at 3).

Unfortunately, Defendants are mistaken.   Given the court's interpretation of the scope of the remand regarding liability of

18

the Marcoses for improper use of the Ledo mark by Expressions Catering, it overlooked that the burden of paying attorneys' fees should not have been limited to those defendants alone. Accordingly, Plaintiffs' motion in this regard will be granted, and the judgment will be amended to reflect that the Marcoses and Ledo Restaurant, Inc., are jointly and severally liable for payment of attorneys' fees.

## VI.  Conclusion

For the foregoing reasons, Defendants' motion for attorneys' fees and Plaintiffs' motion to alter or amend judgment will be granted; Plaintiffs' motion opposing decision on the 2008 motions and Defendants' bill of costs will be denied; and Defendants' motions to stay execution of judgment and to deposit funds in the court's registry will be denied as moot.  A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge